UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TWIN CITY FLOOR COVERING INDUSTRY PENSION FUND AND TWIN CITY FLOOR COVERING INDUSTRY FRINGE BENEFIT TRUST FUND,

Civil No. 00-CV-2573 ADM/AJB

Plaintiffs,

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

vs.

FINE LINE FLOORING, and MARY FIEDLER, individually,

Defendants.

This matter was heard before the undersigned on the 19th day of April, 2001. Jacqueline M. Beaulieu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on November 22, 2000 seeking an order requiring production of fringe Fund reports and judgment for the amounts shown to be due per those reports.

2. Defendant Fine Line Flooring, Inc. was served with a Summons and Complaint in this matter on November 30, 2000 at 19915 Madison Street. NE, Cedar, Minnesota 55011.

FILED APR 19 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED APR 19 2001
DEPUTY CLERK'S INITIALS

3. Defendant Mary Fiedler was served with Summons and Complaint on this matter on November 30, 2000 at 19915 Madison Street NE, Cedar, Minnesota 55011.

4. Defendants have failed to file and serve an Answer to the Summons and Complaint.

5. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing floorcovering work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

6. Defendants accepted and agreed to be bound by certain a collective bargaining Agreement ("CBA") with the Twin City Carpet, Linoleum and Resilient Tile Layers Local #596, and the Lakes and Plains Regional Council of Carpenters and Joiners of United Brotherhood of Carpenters and Joiners of America. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions.

7. The bargaining Agreement provides that Defendant pay liquidated damages of ten dollars ($10.00) or 10% of the total amount to be received, whichever is greater, for contributions paid after the end of the month in which they were due.

8. Defendants failed to produce reports and contributions for the period October, November, and December, 2000 and January and February, 2001.

9. Pursuant to the bargaining Agreement, Defendants owe 10% of the contributions shown to be owing pursuant to the October, November, and December 2000 and January and February, 2001 reports or $10.00, whichever is greater, as liquidated damages.

10. The Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

11. The fair and reasonable value of attorney fees incurred by the Plaintiffs in this action is to be determined upon affidavit of counsel.

12. The total costs and disbursements incurred by the Plaintiffs in this action are to be determined upon affidavit of counsel.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.
2. Defendants must produce the fringe Fund report and contributions for October, November, and December, 2000 and January and February, 2001.
3. Defendants owe ten percent (10%) of the contributions shown to be due, or ten dollars ($10.00), whichever is greater, in liquidated damages.
4. Defendants owe attorneys' fees and costs in an amount to be determined upon affidavit of Plaintiffs' counsel.

## ORDER

IT IS ORDERED:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendants shall produce fringe Fund reports and contributions for October, November, and December, 2000 and January and February, 2001 and all

subsequent months as they become due after the date of this Order.

3. That Plaintiffs are entitled to Judgment in the amount shown to be owing pursuant to those reports.

4. That Plaintiffs are entitled to judgment of $10.00 or 10%, whichever is greater, of the contributions shown to be owing as liquidated damages.

5. That Plaintiffs are entitled to Judgment in an amount to be determined upon affidavit of Plaintiffs' counsel for attorneys' fees and costs associated with this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 19, 2001.

BY THE COURT

Ann D. Montgomery
U. S. District Court Judge